The undersigned respectfully dissents from the Opinion and Award reversing the decision of the deputy commissioner. I disagree with the majority opinion that plaintiff's current condition and resulting disability are causally related to the July 19, 2002 accident. Plaintiff has the burden of proving that the current condition is causally related to the accident, and has failed to do so.
Following the accident in July of 2002, plaintiff did not seek any medical attention for his back until February 2003, some seven months after the accident occurred. During that time, plaintiff continued to work full time in his normal position. Further, plaintiff treated with Dr. Vu (his family physician) on September 6, 2002 and did not report any back pain.
On February 12, 2003, plaintiff sought medical attention at the Maria Parham Emergency Department. During intake, plaintiff indicated that he had been experiencing back pain since "last night." Further, plaintiff did not indicate to the emergency room physician that the symptoms had been occurring since July. Notably plaintiff specifically indicated that he had an injury at work, but did not have chronic back pain after that injury. On February 14, 2003, plaintiff sought treatment again with Dr. Vu, and indicated that he had injured his back while helping a friend work under the hood of a car. Although plaintiff mentioned the injury at work, the note states that plaintiff "pulled on some spring", and his back has hurt since that occurrence. Plaintiff first reported that the back pain was the result of a work injury on March 17, 2003, when he was treated by Dr. Kenney.
Plaintiff's present claim that these symptoms were related to the July 19, 2002 incident, and that the initial medical records are mistakenly void of that fact is not well taken. Plaintiff clearly indicated to the emergency room physician upon his initial treatment for back pain that hedid not have chronic back pain resulting from the July incident. Based upon plaintiff's initial reports to his treating physicians and the inconsistencies thereafter, the greater weight of the evidence shows that plaintiff was injured while working under the hood of a vehicle with a friend, and this was the event which necessitated plaintiff's medical treatment.
As I believe that plaintiff has failed to meet his burden of proof showing that his current condition and resulting disability were related to the July 19, 2002 injury, I would vote to affirm the holding of the deputy commissioner that plaintiff's claim for compensation should be denied.
This the 9th day of June, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN